**FILED**
**Aug 15, 2018**
**10:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JEFFERY INGSTRUP,** | ) | **Docket No. 2018-06-0453** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AT HOME STORES, LLC,** | ) | **State File No. 77994-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **TWIN CITY FIRE INSURANCE CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER GRANTING
## MEDICAL BENEFITS

The Court convened an expedited hearing on August 8, 2018, to determine whether the employer, At Home Stores, LLC, should be required to provide Mr. Ingstrup additional medical treatment recommended by the authorizing treating physician. The legal issue is whether Mr. Ingstrup is likely to prevail at trial in establishing the recommended treatment is reasonable and necessary. At Home argued it should not be required to provide the surgery because its utilization review agent declared the treatment not medically necessary. Mr. Ingstup countered that circumstances changed since the initial denial, and the new medical evidence proves the treatment is reasonable and necessary. The Court agrees with Mr. Ingstrup and holds he came forward with sufficient evidence to show he is likely to prevail on this issue at trial. The Court orders At Home to provide the treatment.

### History of Claim

The current dispute concerns the non-provision of recommended medical care in an accepted claim. On October 10, 2017, Mr. Ingstrup injured his left shoulder while unloading a mattress. At Home accepted the claim and provided a panel of physicians. After visiting Care Now, a walk-in clinic, Mr. Ingstrup began treating with Dr. Todd Wurth, his panel-selected physician.

Dr. Wurth gave Mr. Ingstrup a steroid pack and hydrocodone, but these failed to provide relief. He suspected Mr. Ingstrup had a SLAP tear and sent him for an MRI arthrogram. The MRI results confirmed Dr. Wurth's suspicion, and he recommended surgical correction pending approval from the insurer, Twin City Fire.

Twin City submitted the recommendation for utilization review (UR), and the reviewing physician deemed the procedure not medically necessary. In a February 2, 2018 report, the reviewing physician explained:

> The MRI arthrogram of the left shoulder documented evidence of superior labrum anterior and posterior (SLAP) tear at the bicipital anchor. Per ODG Shoulder, surgical intervention is recommended after 3 months of conservative treatment including NSAIDS, injection therapy, and physical therapy PT for patients with persistent symptoms. In this case, the records indicate the patient has been using a sling and taking NSAIDs only, there is no mention of physical therapy attempts. Therefore, the request is not medically necessary and not certified.

Mr. Ingstrup requested peer review, and the peer reviewer affirmed the decision. Mr. Ingstrup never filed an appeal to the Bureau of Workers' Compensation's medical director.[1] He stated he did not know he could appeal. He returned to Dr. Wurth.

After learning Twin City denied the surgery recommendation, Dr. Wurth changed the course of treatment. He gave Mr. Ingstrup an injection and sent him for physical therapy with instructions to follow up in four weeks.

Mr. Ingstrup returned three weeks later on February 27, complaining that the injection provided no relief and that therapy worsened his symptoms. His physical therapist recommended he stop. Dr. Wurth agreed that the therapy "exacerbated his symptoms" and discontinued it. He discussed surgery again with Mr. Ingstrup, who wished to go forward. The medical records indicated Dr. Wurth intended to submit the surgical recommendation to the insurance company for approval.

About a month after his last visit with Dr. Wurth, Mr. Ingstrup filed a Petition for Benefit Determination seeking medical and temporary disability benefits.[2] The parties failed to resolve the dispute through mediation, and the mediator filed a Dispute Certification Notice (DCN).

---

[1] At the hearing, the Court stated Mr. Ingstrup submitted the decision to the Bureau for review through a contract provider. On further review of the record, this statement was incorrect.

[2] Mr. Ingstrup withdrew the issue of temporary disability benefits during the hearing.

Shortly after the DCN issued, Mr. Ingstrup's counsel sent a letter to Dr. Wurth requesting information about the previously recommended surgery. In response, Dr. Wurth indicated Mr. Ingstrup's need for surgery related to the October 10, 2017 workplace injury. He also wrote the following in response to a question concerning treatment options other than surgery: "We have previously tried with injections, PT, work restrictions. Patient has ongoing clinical complaints thereby prompting request for surgery."[3]

Mr. Ingstrup testified he received conservative treatment. Significantly, Mr. Ingstrup stated Dr. Wurth gave him two injections—although the medical records only describe one—and sent him to physical therapy. Neither treatment improved his shoulder. Consistent with the medical records, Mr. Ingstrup also testified the therapy made his shoulder worse. At the time of the hearing, he still had problems with his shoulder and wished to have surgery.

Mr. Ingstrup argued the Court should order the surgery despite the lack of an appeal to the medical director because the right to appeal is permissive rather than mandatory. He further argued neither the initial reviewing physician nor the peer reviewer had complete records when they denied surgery. At Home argued it followed correct UR procedure and should not have to provide the surgery at this time.

## Legal Principles and Analysis

Mr. Ingstrup has the burden of proof but need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence showing he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds he carried this burden and orders At Home to provide him additional medical benefits.

At Home must provide Mr. Ingstrup "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2017). In that vein, any treatment recommended by the authorized treating physician "shall be presumed to be necessary for treatment of the injured employee." *Id*. at § 50-6-204(a)(3)(H). Here, Dr. Wurth served as the authorized treating physician and recommended surgery to repair Mr. Ingstrup's shoulder. The law presumes the surgical treatment is medically necessary.

Despite the presumption of medical necessity, the Workers' Compensation Law provides a system of "utilization review" to consider any treatment recommended for the

---

[3] The Court relied heavily on counsel's reading of this document, as Dr. Wurth's handwriting is difficult to read on the copy filed with the Court.

injured worker. *See id.* at § 50-6-124. Utilization review means "evaluation of the necessity, appropriateness, efficiency and quality of medical services . . . provided to an injured or disabled employee based upon medically accepted standards and an objective evaluation of the medical services provided[.]" Tenn. Comp. R. & Regs. 0800-02-06-.01(20). UR is a record review by an "advisory medical practitioner" to determine whether the proposed procedure is medically necessary. *Id.* at 0800-02-06-.03.

If an employer questions the medical necessity of treatment proposed by the treating physician, it must submit that treatment to UR. *Id.* at 0800-02-06-.05(1). "Any treatment that explicitly follows the treatment guidelines adopted by the administrator or is reasonably derived therefrom . . . shall have a presumption of medical necessity for utilization review purposes." Tenn. Code Ann. § 50-6-124(h). This presumption can only be overcome in UR through the presentation of clear and convincing evidence that "the treatment erroneously applies the guidelines or that the treatment presents an unwarranted risk to the injured worker." *Id.* If any party disagrees with the UR decision, they may appeal the decision to the Bureau's medical director. Tenn. Comp. R. & Regs. 0800-02-06-.07. Without an appeal, the UR decision remains effective for six months from the date of issuance absent a "material change documented by the treating physician that supports a new review or other information that was not used by the [reviewing physician] in making the initial decision." *Id.* at 0800-02-06-.06(7)(a).

Here, At Home disagreed with Dr. Wurth's surgical recommendation and submitted it for UR. The reviewing physician applied the guidelines and determined that the treatment was not medically necessary because Mr. Ingstrup had only completed some of the pre-surgical treatment prescribed by the guidelines. Specifically, Mr. Ingstrup had received no physical therapy. Accordingly, it appears to the Court that the record supported the UR decision. Mr. Ingstrup failed to appeal it, and the decision bound the parties for six months until August 2, 2018.

The Court finds that during the six-month period, the parties were only prohibited from further UR review of the same surgical procedure. Additionally, Mr. Ingstrup's failure to appeal the decision to the medical director did not prohibit him from seeking relief through a request for expedited hearing. Tennessee Code Annotated section 50-6-239(d)(1) allows judges to hear disputes concerning temporary disability or medical benefits on an expedited basis "at any time after a dispute certification notice has been issued by a workers' compensation mediator[.]" Accordingly, Mr. Ingstrup's request for medical benefits is properly before the Court.

The Court holds At Home must provide the surgery that Dr. Wurth recommended. While surgery was not medically necessary at the time he initially recommended it, circumstances have changed. Since the initial denial, Mr. Ingstrup received additional conservative care—injections and physical therapy—that proved ineffective. In view of their failure to provide relief, Dr. Wurth reaffirmed his surgical recommendation, and the

4

law presumes his recommendation is reasonable and medically necessary. The Court finds At Home did not overcome that presumption given that circumstances have materially changed since the UR decision.

It is **ORDERED** as follows:

1. At Home shall provide Mr. Ingstrup additional medical treatment, including surgery as recommended by Dr. Wurth.

2. The parties shall appear for a status conference on **October 1, 2018, at 8:30 a.m. (CDT).** The Court will convene the status conference via telephone. The parties must call the Court's conference line at (615) 741-2113 or (855) 874-0474 to participate.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON AUGUST 15, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

5

**APPENDIX**

Exhibits:

1. Medical Records
2. Mr. Ingstrup's Affidavit
3. Wage Statement
4. Utilization Review Decision and Peer Review
5. Letter from Dr. Wurth
6. Choice of Physician Form

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. At Home's Prehearing Brief/Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this expedited hearing order was sent to the following recipients by the following methods of service on August 15, 2018

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Stephan D. Karr | | | X | steve@flexerlaw.com |
| Tamara Gauldin | | | X | tamara.gauldin@thehartford.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

  ☐ Temporary disability benefits
  ☐ Medical benefits for current injury
  ☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries       $ _____ per month      Telephone    $ _____ per month

    Electricity      $ _____ per month     School Supplies $ _____ per month

    Water         $ _____ per month      Clothing     $ _____ per month

    Gas           $ _____ per month      Child Care   $ _____ per month

    Transportation  $ _____ per month      Child Support $ _____ per month

    Car           $_____ per month

    Other        $ _____ per month (describe: _____ )

10. Assets:

    Automobile         $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House            $ _____     (FMV) _____

    Other            $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____